---

ASHLEY BODIFORD,

        Plaintiff,

                              Case No. 2:25-CV-178

vs.

SISTERS CLEANING, L.L.C.,

        Defendant.

---

## DEFENDANT SISTERS CLEANING, L.L.C.'S
## ANSWER AND AFFIRMATIVE DEFENSES

---

Defendant, Sisters Cleaning, L.L.C. ("Sisters Cleaning"), by its attorneys DeWitt LLP, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint, responds as follows:

### <u>JURISDICITION AND VENUE</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involved federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that the United States District Court for the Eastern District of Wisconsin has jurisdiction over Plaintiff's FLSA claims.

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that the United States District Court for the Eastern District of Wisconsin has jurisdiction over Plaintiff's FLSA claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that the United States District Court for the Eastern District of Wisconsin has venue over this dispute, and Defendant denies that it engaged in any unlawful employment action.

## PARTIES AND COVERAGE

4. Plaintiff, Ashley Bodiford, is an adult female resident of the State of Wisconsin with a post office address of W211 N11698 Hilltop Circle, Germantown, Wisconsin 53022.

**ANSWER:** Defendant lacks information sufficient to respond to the allegations made and contained in this paragraph and therefore denies the same.

5. Defendant, Sisters Cleaning LLC, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal or corporate office address of N114 W19380 Clinton Drive, Germantown, Wisconsin 53022.

**ANSWER:** Admit.

6. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

2

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA.

7. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

**ANSWER:** Admit.

8. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

**ANSWER:** Admit.

9. During the relevant time periods as stated herein, Defendant was an "employer" of an "employee," Plaintiff, as these terms are defined under the FLSA and the WWPCL.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA or WWPCL.

10. During the relevant time periods as stated herein, Plaintiff performed compensable work in the position of Cleaner/Trainer on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit in the State of Wisconsin.

**ANSWER:** Defendant admits that Plaintiff performed compensable work as a Cleaner, and as a Trainer on a temporary probationary period, on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and for Defendant's benefit in Wisconsin. Defendant affirmatively alleges that Plaintiff ultimately failed to complete the requisite certification to qualify as a Trainer.

11. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

**ANSWER:** Admit.

12. During Plaintiff's employment with Defendant, Defendant had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

**ANSWER:** Admit.

13. During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance.

**ANSWER:** Admit.

14. During Plaintiff's employment with Defendant, Defendant established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

**ANSWER:** Admit.

15. During Plaintiff's employment with Defendant, Defendant controlled the terms and conditions of Plaintiff's employment.

**ANSWER:** Admit.

16. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedule and provided Plaintiff with work assignment and hours of work.

**ANSWER:** Admit.

### FLSA & WWPCL ALLEGATIONS

17. In approximately April 2024, Defendant hired Plaintiff into the position of Cleaner/Trainer.

4

**ANSWER**: Defendant admits that Plaintiff was hired as a Cleaner in April 2024. Defendant denies the remaining allegations in this paragraph.

18. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**ANSWER:** Admit.

19. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with an hourly rate of pay between $16.00 and $18.00 for any and all hours worked and/or work performed on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit in the position of Cleaner / Trainer.

**ANSWER**: Defendant admits that it hired Plaintiff as a Cleaner at an agreed upon hourly rate of pay of $16.00/hour and Plaintiff later received a pay raise to $17.00/hour. Defendant further admits that Plaintiff performed work on its behalf, with its knowledge, at its direction, and for its benefit, and Plaintiff was compensated for any and all hours worked. Defendant further admits that Plaintiff was placed on a temporary probationary period as a Trainer making $18.00/hour. Defendant affirmatively alleges that Plaintiff failed to complete the requisite certification to qualify as a Trainer and her pay was appropriately adjusted to $17.00/hour after her probationary period was terminated on November 1, 2024.

20. During the entity of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA or WWPCL.

21. On or about November 23, 2024, Plaintiff's employment with Defendant ended.

**ANSWER**: Admit.

22. During Plaintiff's employment with Defendant and during the month of November, 2024, Defendant agreed to compensate Plaintiff with an hourly rate of pay of $18.00 for any and all hours worked and/or work performed on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit in the position of Cleaner / Trainer.

**ANSWER**: Deny.

23. During Plaintiff's employment with Defendant and during the month of November 2024, Defendant did not compensate Plaintiff with an hourly rate of pay of $18.00 for any and all hours worked and/or work performed on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit in the position of Cleaner / Trainer.

**ANSWER**: Defendant admits it did not pay Plaintiff an hourly rate of $18.00 during November 2024. Defendant alleges affirmatively that Plaintiff failed to complete the requisite certification to qualify as a Trainer and her pay was appropriately adjusted to $17.00/hour after her probationary period was terminated on November 1, 2024.

24. During Plaintiff's employment with Defendant and during the month of November 2024, Defendant suffered or permitted Plaintiff to work in the position of Cleaner / Trainer without compensating Plaintiff at her agreed-upon hourly rate of pay.

**ANSWER**: Deny.

25. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

**ANSWER**: Admit.

26. During Plaintiff's employment with Defendant, Defendant knew or had knowledge that Plaintiff worked in excess of forty (40) hours per workweek.

6

**ANSWER**:    Admit.

27.    During Plaintiff's employment with Defendant, Defendant tracked and/or recorded Plaintiff's hours worked each workweek.

**ANSWER:**    Admit.

28.    During Plaintiff's employment with Defendant, Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff used on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER:**    Admit.

29.    During Plaintiff's employment with Defendant, Plaintiff used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of her shifts, respectively.

**ANSWER:**    Admit.

30.    During Plaintiff's employment with Defendant, Plaintiff performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of her shifts each workday.

**ANSWER**:    Admit.

31.    During Plaintiff's employment with Defendant, Plaintiff performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of her shifts each workday.

**ANSWER**:    Admit.

32.    During Plaintiff's employment with Defendant, Plaintiff's "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system were kept, stored, and/or retained by Defendant.

7

**ANSWER:** Admit.

33. During Plaintiff's employment with Defendant, Plaintiff's "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system recorded, reflected, and represented Plaintiff's actual hours worked and work performed each workday and each workweek. However, Defendant's pay policies and practices failed to compensate Plaintiff for all hours actually worked and/or work performed each workday and each workweek. For example, Defendant's compensation practice applicable to Plaintiff at the beginning of her shifts each workday was to round her actual hours worked and/or work performed as recorded, reflected, and represented via its electronic timekeeping system forward to her scheduled shift start times, failing to compensate Plaintiff for engaging in actual work performed each work day and instead rounding her start times for compensation purposes forward to her daily scheduled shift start times. Further, Defendant's compensation practice applicable to Plaintiff at the end of her shifts each workday was to round her actual hours worked and/or work performed as recorded, reflected, and represented via its electronic timekeeping system backward to her scheduled shift end times, failing to compensate Plaintiff for engaging in actual work performed each work day and instead rounding her end times for compensation purposes backward to her daily scheduled shift start times. Defendant shaving time from Plaintiff's timesheets each workday and each workweek for pre-shift and post-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system was non-neutral and resulted in Defendant failing to compensate Plaintiff for otherwise compensable work performed, in violation of the FLSA and WWPCL.

**ANSWER**: Deny.

8

34. Often times during Plaintiff's employment with Defendant, Defendant automatically deducted a thirty (30) minute meal period each workday from Plaintiff's timesheets even though Plaintiff was performing compensable work on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit, in violation of the WWPCL, which resulted in overtime violations of the FLSA.

**ANSWE**R:    Deny.

35. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for meal periods during which Plaintiff was not completely relieved of duty or free from work for at least thirty (30) consecutive minutes in duration, in violation of the WWPCL, which resulted in overtime violations of the FLSA.

**ANSWER**:    Deny.

36. During Plaintiff's employment with Defendant, Defendant did not properly and lawfully compensate Plaintiff for all hours actually worked and/or work performed each workday and each workweek, including but not limited to at the proper, correct, and lawful overtime rate of pay, in violation of the FLSA and WWPCL.

**ANSWER:**    Deny.

37. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted Plaintiff to work) in a workweek in accordance with the FLSA and WWPCL.

**ANSWER:**    This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that it complied with the FLSA and WWPCL and Defendant denies any allegations in this paragraph that are inconsistent with the FLSA or WWPCL.

9

38. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that it complied with the FLSA and WWPCL and Defendant denies any allegations in this paragraph that are inconsistent with the FLSA or WWPCL.

39. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant and for which Plaintiff was not properly and lawfully compensated, in a total amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

**ANSWER:** Deny.

**<u>FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)</u>**

40. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:** Defendant re-alleges and incorporates by reference all of its Answers above as if fully restated herein.

41. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

10

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA.

42. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq*.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA.

43. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA.

44. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA.

45. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek by virtue of failing to compensate her for pre-shift and post-shift work and by deducting a thirty (30) minute

11

meal period from Plaintiff's timesheets even though Plaintiff was performing compensable work, in violation of the WWPCL, which resulted in overtime violations of the FLSA.

**ANSWER:** Deny.

46. Defendant has not acted in good faith and with reasonable grounds to believe that its failure to properly and legally compensate Plaintiff for all compensable work performed was not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:** Deny.

47. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

**ANSWER:** Deny.

48. Plaintiff is entitled to damages equal to the overtime compensation due and owing within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting claims against Defendant.

**ANSWER:** Deny.

49. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the FLSA and denies any wrongdoing.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

50. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:** Defendant re-alleges and incorporates by reference all of its Answers above as if fully restated herein.

51. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

52. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

53. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

54. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

**ANSWER:** Deny.

55. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

56. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL by virtue of Defendant failing to compensate her for pre-shift and post-shift hours worked and by deducting a thirty (30) minute meal period practically each workday from Plaintiff's timesheets even though Plaintiff was performing compensable work, in violation of the WWPCL.

**ANSWER:** Deny.

57. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

**ANSWER:** Deny.

58. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Deny.

59. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**ANSWER:** Defendant denies Plaintiff is entitled to her attorneys' fees and costs.

### THIRD CAUSE ACTION – WWPCL VIOLATIONS
### (REGULAR WAGES/FAILURE TO PAY AN AGREED-UPON WAGE)

60. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant re-alleges and incorporates by reference all of its Answers above as if fully restated herein.

61. At all relevant times, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

62. At all relevant times, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

15

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

63. At all relevant times, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

64. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

**ANSWER:** Deny.

65. During Plaintiff's employment with Defendant, Plaintiff was entitled to payments from Defendant at her agreed-upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

**ANSWER:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph that are inconsistent with the WWPCL.

66. During Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff for each and every hour worked on its behalf, with its knowledge for its benefit, and/or at its direction at her regular hourly rate of pay and/or with agreed-upon wages, in accordance with Wis. Admin. Code § DWD 272, for hours worked each workweek that did not exceed forty (40) in a workweek, in violation of the WWPCL.

16

**ANSWER:** Deny.

67. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid wages, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Deny.

68. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**ANSWER:** Defendant denies Plaintiff is entitled to her attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

The Defendant, through its undersigned counsel, hereby asserts the following defenses to the petition.

1. The Complaint fails to state a claim upon which relief can be granted.

2. At all pertinent times, Defendant has acted in accordance with the provisions of the Fair Labor Standards Act and applicable Wisconsin law.

3. Plaintiff did not work the alleged hours for which she claims she was uncompensated, and thus, Plaintiff was properly compensated for all compensable time.

4. Plaintiff did not qualify for the increased pay rate for which she claims she was entitled to receive, and thus, Plaintiff was properly compensated for all compensable time.

5. As permitted under applicable laws, Defendant utilized a neutral rounding policy for employee time that fairly compensated employees and did not consistently favor the Defendant.

17

6. Plaintiff has no damages under the Defendant's time rounding policy because the policy financially benefitted her.

7. Defendant acted in good faith and on reasonable grounds at all times in compensating its employees, including with respect to overtime compensation, to ensure Plaintiff recorded all compensable work time and that Plaintiff was properly compensated for all compensable work performed, and thus, Plaintiff is not entitled to recover liquidated damages.

8. Plaintiff's claims are barred to the extent Plaintiff seeks recovery for time that is not compensable, including *de minimus* work time.

9. Plaintiff failed to mitigate her alleged damages, if any.

10. Defendant reserves its right to supplement or amend this answer to assert additional defenses that may be revealed through discovery or other investigation.

WHEREFORE, Defendant Sisters Cleaning, L.L.C. respectfully requests that the Court enter judgment in its favor and against Plaintiff, along with the costs of this action, attorneys' fees as allowable by law, and for such other relief as the Court deems just and proper.

Dated June 20, 2025.

**DeWitt LLP**

*Electronically signed by Averi A. Niemuth*
Shannon A. Allen (SBN 1024558)
Averi A. Niemuth (SBN 1102411)
13845 Bishops Drive, Suite 300
Brookfield, WI 53005-6617
Phone: (262) 754-2840
Email: saa@dewittllp.com
        aniemuth@dewittllp.com

**Attorneys for Defendant Sisters Cleaning, L.L.C.**

18